UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-00400 (UNA) |
| v. ) | |
| ) | |
| ) | |
| DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Fairfax, Virginia, sues the United States Department of Justice ("DOJ"), the DOJ Civil Rights Division, the Arlington (Virginia) County Government, the District of Columbia Government, a CVS store located in Arlington, Virginia, a Safeway store located in Rosslyn, Virginia, and a McDonald's restaurant located in Rosslyn, Virginia. He demands $60

1

million in damages, alleging that the United States and D.C. governments, among others, have "follow[ed]" him "across the country" to "violate his civil rights," by, for example, placing cameras in his shower and in the stores and restaurants that he frequents, hacking and tapping his phone and computer, using drone surveillance, using child spies, framing him, falsely imprisoning him, denying him housing and employment, and harassing his family members.

This court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls to this standard. In addition to failing to establish this court's jurisdiction or to state a claim for relief and entitlement to damages, if any, the complaint is frivolous on its face and will consequently be dismissed without prejudice.

A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Dated: May 13, 2022